Bryan Arce, Esq.
Attorney ID: 025882009
Arcé Law Group, PC
30 Broad Street, 35th Floor
New York, NY 10004
Telephone: 212-248-0120
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYLER NIGHLAND<br><br>Plaintiff,<br><br>vs.<br><br>QSR LITTLE FALLS, LLC, individually and d/b/a DUNKIN DONUTS, YATIN PATEL, individually, and JAGDISH PATEL, individually,<br><br>Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Tyler Nighland, by and through her attorneys, the Arcé Law Group, PC, hereby complains of the Defendants upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD"), and New Jersey common law, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by her employer on the basis of her sex/gender, together

with sexual harassment, creating a hostile work environment, retaliation, and constructive discharge.

## JURISDICTION AND VENUE

2.   The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. Seq.; 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3.   This action involves a Question of Federal Law.

4.   Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the District of New Jersey and the discriminatory actions occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5.   On or about February 2, 2017, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

6.   This action is being brought within ninety (90) days of the Notice of Right to Sue letter.

## PARTIES

7.   Plaintiff is a female resident of the State of New Jersey, County of Essex.

8.   At all times material, Defendant QSR LITTLE FALLS, LLC, individually and d/b/a DUNKIN DONUTS (herein also referred to as "DUNKIN DONUTS") was and is a domestic Limited Liability Corporation duly existing under the laws of the State of New Jersey.

9.   At all times material, Defendant DUNKIN DONUTS managed, owned and/or operated a business located at 57 E. Main Street in Little Falls, NJ 07424.

10. At all times material, Defendant YATIN PATEL (hereinafter also referred to as "PATEL") was and is an employee of Defendant DUNKIN DONUTS.

11. At all times material, Defendant PATEL was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

12. At all times material, Defendant JAGDISH PATEL (hereinafter also referred to as "JAGDISH") was and is an owner of Defendant DUNKIN DONUTS.

13. At all times material, Defendant JAGDISH was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

14. Defendant DUNKIN DONUTS, Defendant PATEL, and Defendant JAGDISH are also herein collectively referred to as "Defendants."

15. At all times material, Plaintiff was an employee of Defendants.

16. At all times material, Defendant DUNKIN DONUTS was and is a qualified employer under the NJLAD.


## MATERIAL FACTS

17. In or around early January 2016, Plaintiff received one year's probation stemming from an arrest. As a condition of her probation, Plaintiff was required to find and maintain a job for the duration of her one year probation.

18. At all times material, Defendant PATEL was aware of Plaintiff's probationary requirements.

19. On or about January 31, 2016, Plaintiff began working for Defendants as a "Cashier."

20. Plaintiff was the only female employee at Defendant DUNKIN DONUTS, because all other female employees prior to Plaintiff's hire had quit due to Defendant PATEL's sexual

harassment and sexual touching.  Plaintiff did not learn this until *after* her constructive discharge four months later.

21.   About one week after Plaintiff began her employment, Defendant PATEL, true to form, began to inappropriately touch Plaintiff by **putting his hand firmly on Plaintiff's buttocks when he passed behind her, groping her**.  This continued on almost a daily basis until Plaintiff's constructive discharge, and it occurred in front of Plaintiff's co-workers.

22.   On a few occasions, after witnessing Defendant PATEL grope Plaintiff, Plaintiff's co-worker, Travis DeJesus, told Plaintiff that she should quit.  Travis also would tell Plaintiff, "You should just sue him and get out of here."

23.   Plaintiff did not complain of the harassment because she believed that complaining would be futile as the harassment was carried out in front of other employees without anyone attempting to stop or prevent Defendant PATEL's actions, and Defendant PATEL was the highest level manager at that DUNKIN DONUTS location.

24.   Furthermore, Plaintiff was repeatedly told that the owner, Defendant JAGDISH, monitored all of the cameras in the store every day.  Therefore Defendant JAGDISH witnessed the harassment but failed to take any measures to remedy the harassment or prevent future harassment.  Defendant JAGDISH's failure to take any remedial or corrective action effectively condoned Defendant PATEL's actions and fostered the sexually hostile work environment.

25.   Plaintiff also did not complain because she needed to keep her job to satisfy her probationary requirements.

26.    Nevertheless, in or around April 2016, after Defendant PATEL again groped Plaintiff's buttocks, Plaintiff yelled at him, "Stop!"  However, Defendant PATEL ignored Plaintiff's protest and continued to grope Plaintiff on almost a daily basis.

27.    Defendant PATEL would also make sexually inappropriate comments to Plaintiff, and the rest of the staff, about female customers.  For example,  Defendant would say (about various female customers) "**She has a nice ass!**" **"That's a MILF" (an acronym for "Mother I'd Like to Fuck")** and/or **"I wanna fuck her."**

28.    On a number of occasions, **Defendant PATEL told Plaintiff that she "should twerk in the corner to get more tips."**

29.    Defendant PATEL would also ask Plaintiff if she had any hot girlfriends she could set him up with.

30.    On or about May 12, 2016, Defendant PATEL escalated his sexual harassment and touching of Plaintiff.  On that day, Defendant PATEL passed behind Plaintiff while she was at the register.  He then put on hand on Plaintiff's buttock and his other hand on her waist. He was acting as if he was trying to push Plaintiff aside, but then **suddenly reached around Plaintiff and forcefully put his hand over her pelvis and vagina**.  Defendant PATEL then just smiled and walked away.

31.    Plaintiff was shaken and visibly upset.  Travis, witnessing the assault, gave Plaintiff a shocked look.  But before he could say anything, Plaintiff told him, "I'm going to quit.  I have had it with [Defendant PATEL]."  Travis replied, "Good!"

32.    Defendant PATEL's escalated sexual touching was also in retaliation for Plaintiff's April opposition to his sexual harassment.

33. Defendants' actions were intended to retaliate against Plaintiff and constructively terminate Plaintiff.

34. On or about May 12, 2016, Defendants did constructively terminate Plaintiff.

35. Defendants' actions created a sexually hostile work environment that no reasonable person would tolerate.

36. On or about May 14, 2016, after Travis confirmed that Defendant PATEL was not at Defendant DUNKIN DONUTS, Plaintiff went to the store to pick up her paycheck.  While at Defendants' store, Sammy (last name currently unknown) approached Plaintiff and told her, "**I've worked here for 10 years and I've seen [Defendant PATEL] do this to every female employee. They all quit and no one ever does anything about it.  I knew it would happen to you. You really shouldn't be working here.  Good for you.  You should sue the shit out of him**."

37. These above are just some of the examples of the sexual harassment Plaintiff had to endure while working for Defendants.

38. Defendants would not have harassed Plaintiff but for her sex/gender.

39. Defendants would not have retaliated against Plaintiff but for her opposition to Defendant PATEL's sexual harassment.

40. As a result of Defendants' actions, Plaintiff felt, and still feels, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer future loss of income, loss of a salary, bonuses, benefits and other

compensation which such employment entails, and Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. As Defendants' conduct has been malicious, willful, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendant DUNKIN DONUTS' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

46. Defendant DUNKIN DONUTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her sex/gender, together with sexual harassment, creating a hostile work environment, and constructively discharging Plaintiff.

**AS A SECOND CAUSE OF ACTION**
**UNDER TITLE VII**
**RETALIATION**

47.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs

of this Complaint as if more fully set forth herein at length.

48.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it

shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has
> opposed any practice made an unlawful employment practice by this
> subchapter, or because he has made a charge, testified, assisted or
> participated in any manner in an investigation, proceeding, or hearing under
> this subchapter."

49.   Defendant DUNKIN DONUTS engaged in unlawful employment practice prohibited by 42

U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions

or privileges of employment because of her opposition to the unlawful employment practices

of Defendants.

**AS A THIRD CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**DISCRIMINATION**

50.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

complaint.

51.   New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as

follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful

discrimination: a) For an employer, because sex . . . to refuse to hire or employ or to bar or to

discharge or require to retire, unless justified by lawful considerations other than age, from

employment such individual or to discriminate against such individual in compensation or in

terms, conditions or privileges of employment."

52.   Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender/sex, together with sexual harassment, creating a hostile work environment, and constructively discharging Plaintiff.

**AS A FOURTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**RETALIATION**

53.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54.   New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

55.   Defendants violated this section as set forth herein, including, but not limited to, retaliating against Plaintiff for her lawful opposition to the sexual harassment.

56.   Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(d) *et. seq*.

57.   As such, Plaintiff has been damaged as set forth herein

**AS A FIFTH CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**AIDING AND ABETTING**

58.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59.    New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination.  It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:  e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

60.    Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

61.     Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) *et. seq*.


**AS A SIXTH CAUSE OF ACTION**
**UNDER NEW JERSEY COMMON LAW**
**WRONGFUL CONSRUCTIVE DISCHARGE**


62.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63.    Pursuant to *Pierce v. Ortho Pharm. Corp.,* 84 N.J. 58, 72 (N.J. 1980), "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy," including but not limited to "legislation; administrative rules, regulations or decisions; and judicial decisions."

64.    Defendants' acts and omissions constitute a wrongful constructive discharge in violation of public policy.

**AS A SEVENTH CAUSE OF ACTION**
**UNDER NEW JERSEY COMMON LAW**
**ASSAULT AND BATTERY**
**(AS AGAINST DEFENDANT PATEL ONLY)**

65.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66.    That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant PATEL, his agents, servants and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein and did cause unwelcomed contact, causing Plaintiff to sustain damages.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), the NJLAD, and New Jersey common law, and discriminated against Plaintiff on the basis of her sex/gender, together with sexual harassment, retaliation, and constructive discharge.

B.    Declaring that Defendant PATEL assaulted and battered Plaintiff.

C.    Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and failure to hire/rehire, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

E.    Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action; and

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

    **WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  New York, New York
        February 13, 2017

                    **ARCÉ LAW GROUP, PC**
                    *Attorneys for Plaintiff*

              By:   /S/*Bryan S. Arce, Esq.*
                    Bryan S. Arce, Esq.
                    30 Broad Street, 35th Floor
                    New York, New York 10004
                    (212) 248-0120